# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HOWARD COLEMAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-01552 |
| ) | Judge Aleta A. Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Before the court is the Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 1) filed by movant Howard Coleman. Coleman is a federal prisoner who seeks to vacate and reduce the sentence entered upon his 2006 criminal conviction in *United States v. Conyers et al.*, No. 3:09-cr-00240 (M.D. Tenn. Jan. 1. 2006) (Judgment, Doc. No. 2293),[1] based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The motion will be granted in light of the Supreme Court's decision in *United States v. Davis*, No. 18-431 (slip op.) (June 24, 2019).

## I.    Procedural Background

On February 4, 2013, Coleman pleaded guilty to the three charges against him in the multi-count Ninth Superseding Indictment against numerous co-defendants. These three charges consisted of (1) conspiracy to interfere with commerce by robbery and extortion and to commit and threaten physical violence against another person and his property, in violation of 18 U.S.C. §§ 1951 and 2 ("Hobbs Act conspiracy") (Count Thirteen); (2) possessing a firearm during and

---

[1] References to the criminal case record will hereafter be designated as "Crim. Doc. No. __."

in relation to a crime of violence (specifically, "conspiracy to commit a Hobbs Act extortion and robbery"), in violation of 18 U.S.C. § 924(c) and 2 (Count Fourteen); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 2, 922(g)(1) and 924 (Count Twenty-One). According to the Petition to Enter a Plea of Guilty and as announced in open court at the plea hearing on February 4, 2013, Coleman reached an agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the government to a total sentence of 23 years plus 5 years of supervised release: 18 years on Count Thirteen, 10 Years on Count Twenty-One, to run concurrently with the sentence on Count Thirteen, and 5 years on Count Fourteen, to run consecutively to the 18 years on Count Thirteen. In addition, as also set forth in the plea petition, Coleman agreed to plead guilty to two charges of Hobbs Act robbery/extortion in violation of 18 U.S.C. § 1951 (the "Lebanon Pike and Fat Chris Robberies") charged in the Felony Information in Case No. 3:13-cr-00087, and to a sentence of 18 years on each of those robberies, to run concurrently to each other and concurrently with the 18-year sentence on Count Thirteen in Case No. 3:09-cr-00240, for a total effective sentence of 23 years on all counts. (Crim. Doc. No. 1911, at 4.)

As indicated in the plea petition, Coleman was aware that Count Fourteen required a mandatory minimum consecutive sentence of 5 years. Counts Thirteen and Twenty-One had 20-year and 10-year maximums, respectively. (*Id.* at 1–2.) The written plea petition itself does not contain a waiver of appellate rights or the right to bring a post-conviction challenge. At the plea hearing, conducted before Senior Judge John T. Nixon (now retired), the Assistant United States Attorney represented to the court that Coleman, along with the three other co-defendants who entered pleas the same day, had agreed to waive their appellate rights. The prosecutor stated on the record that the plea agreement with each defendant included

> a waiver of appellate rights and postconviction rights applicable under the plea agreement as to each of the four defendants. . . .
>
> Regarding sentencing, each defendant is aware that 18 U.S.C. 3742 generally affords the defendant the right to appeal the sentence imposed. Acknowledging this, each defendant knowingly waives the right to appeal the sentence agreed to in that defendant's particular plea agreement pursuant to Federal Rule of Civil Procedure 11(c)(1)(C). Each defendant also knowingly waived their right to challenge that agreed sentence in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. 2255 and/or 2241 and/or 18 U.S.C. 3582(c).

(Plea Hr'g Tr., Doc. No. 6-1, at 54–55.) In Judge Nixon's colloquy with each defendant, however, the defendants confirmed their understanding that they were waiving their right to go to trial, but they were not asked to confirm their understanding that they were waiving their right to bring a collateral challenge to their sentence.[2]

Coleman was sentenced on May 17, 2013 to 23 years in accordance with the agreement documented in the plea petition and at the plea hearing. Judgment was entered on June 17, 2013. (Crim. Doc. No. 2293.) Coleman did not appeal his conviction or sentence. Neither party ordered a transcript of the sentencing hearing.

Coleman filed his § 2255 motion to vacate on June 27, 2016, arguing that his conviction on Count Fourteen, for carrying a weapon in connection with a crime of violence, is invalid, because conspiracy to commit a Hobbs Act extortion and robbery could only qualify as a crime of violence under the "residual clause" of § 924(c), which is unconstitutional in light of *Johnson*.

---

[2] At least some of the other defendants' plea petitions include language acknowledging the waiver of the right to appeal or to bring a post-conviction collateral challenge. (*See, e.g.*, Crim. Doc. No. 1910, at 4 (defendant Cecil Whitmon's plea petition, in which a handwritten notation states, "More details are stated on the record, including appeal & post-conviction waivers."); Crim. Doc. No. 1909, at 4 (defendant Thomas Branam's plea petition, including handwritten note, "appeal & post-conviction waivers, all as stated on record").) Coleman's plea petition contains a handwritten notation that says, "Plea agreement announced in open court," but the summary of that agreement as written into the plea petition concerns sentencing and contains no reference to the waiver of appeal and post-conviction rights. (*See* Doc. No. 1911, at 4.)

(Doc. No. 1.) Coleman requested that his motion be held in abeyance pending the Supreme Court's review of *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).

The government filed a Response (Doc. No. 6), arguing that (1) Coleman waived his right to bring a § 2255 motion; (2) his argument that the so-called residual clause in § 924(c)(3) falls within the scope of *Johnson* is foreclosed by binding Sixth Circuit precedent; and (3) Hobbs Act robbery satisfies the physical-force clause of § 924(c)(3)(A).

## II. Legal Framework

### A. 28 U.S.C. § 2255

The movant brings this action under 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A motion under § 2255 is ordinarily subject to a one-year statute of limitations, running from the date the underlying conviction became final. 28 U.S.C. § 2255.

### B. 18 U.S.C. § 924(c)

In *Johnson v. United States*, the Supreme Court invalidated the so-called residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague under the Due Process Clause of the Fifth Amendment. *Johnson*, 135 S. Ct. 2551, 2563

(2015). Courts and litigants have continued to grapple with the full import of *Johnson*, both with respect to how it affects the interpretation of the still-valid parts of the ACCA and how it pertains to other similarly worded statutes. While other courts disagreed, the Sixth Circuit had held that the very similar "residual clause" in 18 U.S.C. § 924(c)(3)(B), at issue in this case, remained valid. *See United States v. Taylor*, 814 F.3d 340, 375–76 (6th Cir. 2016), *cert. denied*, 138 S. Ct. 1975 (May 14, 2018), *rehr'g denied*, 138 S. Ct. 2646 (June 11, 2018). The Supreme Court, however, has now resolved the circuit split, holding that § 924(c)'s residual clause, like that in the ACCA, is unconstitutionally vague. *United States v. Davis*, No. 18-431, 2019 WL 2570623 (June 24, 2019). This ruling effectively invalidates *Taylor*, and it is now clear that a conviction for conspiracy to commit Hobbs Act robbery cannot be sustained as a predicate crime of violence for purposes of a conviction under the residual clause of § 924(c)(3)(B).

## III. ANALYSIS

### I. Waiver

The government argues that Coleman waived his ability to challenge his conviction or sentence as part of his plea agreement. At the plea hearing, the government referenced a plea agreement and represented that four co-defendants, including Coleman, were waiving their ability to collaterally challenge their conviction or sentence. As indicated above, however, Coleman was not questioned during the plea colloquy regarding whether he understood that he was waiving his ability to challenge his conviction or sentence as unconstitutional in a § 2255 motion. Further, there was no written plea agreement. The Plea Petition notes the existence of a "Plea agreement announced in open court" and summarizes the elements of that agreement, but that summary does not include reference to a waiver. (Crim. Doc. No. 1911, at 4.)

To be valid, a waiver must be both knowing and voluntary. In this case, there is no evidence that it was either. The court therefore finds that there was no effective waiver. *Accord*

*United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017) (finding a knowing and voluntary waiver of the right to bring a § 2255 challenge where the "district court informed [the defendant] that he was giving up his right to appeal any sentence within the Guidelines range, and explained the few narrow exceptions to that waiver (ineffective-assistance-of-counsel or prosecutorial-misconduct claims)" and, when asked if he understood, the defendant responded "Yes, sir").

### B. The Effect of *Davis*

Under *Davis*, it is now clear that Coleman's conviction on Count Fourteen of the Indictment, for possessing a firearm during and in relation to a crime of violence, specifically identified as "conspiracy to commit a Hobbs Act extortion and robbery," in violation of 18 U.S.C. § 924(c) and 2, is invalid. Davis was sentenced to a 5-year prison term on this charge, to be served consecutively to the sentences he received on the other charges to which he pleaded guilty, all of which were to run concurrently (including the 18-year sentence on two robbery charges that were the subject of a separate indictment).

Under the circumstances, the court is not free to simply sever that 5 years from the remaining sentence. It is clear that Coleman's sentence was part of a package deal, as the government argues, and that a full resentencing is required in this case. *See Davis*, 2019 WL 2570623, at * 13 (noting that, "when a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentence for any remaining counts' if such an increase is warranted" (quoting *Dean v. United States*, 137 S. Ct. 1170, 1176 (2017)).

### IV. CONCLUSION

Based on *Johnson* and *Davis*, Coleman's Motion to Vacate will be granted, and the court will enter a separate order in the criminal case, No. 3:09-cr-00240, vacating the conviction on Count Fourteen of the Indictment, vacating the sentence in its entirety, and scheduling a

resentencing.

        An appropriate Order is filed herewith.

                                                           _____
                                                         ALETA A. TRAUGER
                                                         United States District Judge